■ In the Matter of HELEN GRECO, Respondent-Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent-Appellant, and ANSONIA ASSOCIATES, Appellant-Respondent. [615 NYS2d 688] —Judgment (denominated an order), Supreme Court, New York County (David B. Saxe, J.), entered June 22, 1993, which granted the petition to the extent of remanding the matter to respondent New York

State Division of Housing and Community Renewal ("DHCR") for rehearing on the genuineness of the Morrocco tenancy and continuing a stay of a Civil Court money judgment, unanimously reversed, on the law, the petition denied, the proceeding dismissed, and the stay vacated, without costs.

On March 26, 1984, petitioner Helen Greco filed a rent overcharge complaint with respondent DHCR. This complaint challenged the initial rent of her apartment because she claimed the vacancy decontrol did not apply in that Ansonia evicted the prior tenant from the unit. On April 6, 1993, DHCR issued an order and opinion that denied petitioner's claim, but modified the Rent Administrator's order insofar as it found that her initial rent was $2,403.67 rather than $2,300.

The Commissioner found that the last occupant of the apartment, one Joe Morrocco, voluntarily left the apartment under a stipulation agreement settling a building-wide rent strike, and that the previous tenants on the lease, Starr and Butkowski, had previously abandoned the apartment.

Appellate review is limited to whether respondent DHCR's determination was rationally based and neither arbitrary nor capricious (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 231).

Here, the record supports DHCR's determination that the prior tenant voluntarily left the apartment. The record reflects that Morrocco, while not the named lessee, signed the January 30, 1981 stipulation of settlement with the other tenants and voluntarily left pursuant to it. Whether he qualified as a "tenant" or "permanent tenant" under the former Hotel Code (Code of Metropolitan Hotel Industry Stabilization Association, Inc.) or was an occupant, subtenant, licensee or had some other status, does not affect the voluntariness of his departure.

The record also supports the Commissioner's finding that the previous tenants on the lease, Starr and Butkowski, abandoned the apartment. Despite her proprietary interest in the building, the Commissioner credited the testimony of Susan Shreyar, a principal of Ansonia and its on-site manager of the building from 1978 to 1988, that she never saw Starr or Butkowski and only knew of Morrocco. Also, Starr and Butkowski did not appear to defend themselves in the non-payment eviction proceeding and had to be served by substituted service. As a result, there is sufficient evidence to support the Commissioner's finding that Ansonia lawfully charged petitioner $2,300 as the initial fair market rent for her apartment.

As to the court's finding that petitioner was not given an adequate opportunity to contest the validity of the "purported" Morrocco tenancy, the record is clear that any lack of notice she may have had before the District Rent Administrator was corrected at the petition for administrative review level and the record concerning the Morrocco tenancy was fully developed and contested. Concur—Ellerin, J. P., Kupferman, Rubin and Tom, JJ.